IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CURTIS STOVALL                                                                                      PLAINTIFF

vs.                                                       CIVIL ACTION NO: 2:10-cv-00084-KS-MTP

THE CITY OF HATTIESBURG, CITY OF HATTIESBURG
POLICE DEPARTMENT; FRAZIER BOLTON, in his official
and individual capacities, and JOHN DOES 1-10, in their official
and individual capacities                                                                         DEFENDANTS


**ORDER AND OPINION**

This matter is before the Court on the Motion to Dismiss filed by the City of Hattiesburg Police Department [Doc. # 4] (April 26, 2010). In its motion to dismiss counsel for the City of Hattiesburg states that "there is no separate legal entity known as 'The City of Hattiesburg Police Department.'" Mot. Dismiss ¶ 2.

A motion to dismiss may be granted under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FED. R. OF CIV. P. 12(b)(6). The Rule 12(b)(6) motion's purpose is "to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1356 (2004). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). *See also, Cinel v. Connick*,

1

15 F.3d 1338, 1341 (5th Cir. 1994). While the Local Rules require the opposing party to file a response to a motion or notify the Court of its intent not to respond, L.U. Civ. R. 7(b)(3)(A), the Fifth Circuit has cautioned that "[it has] not 'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006).

The court must follow Mississippi law to determine whether the Hattiesburg Police Department is a separate legal entity that may be sued. *See* FED. R. CIV. P. 17(b) ("capacity to sue or be sued is determined . . . by the law of the state where the court is located."). The party must "enjoy a separate legal existence" under Mississippi law to be amenable to suit. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff has not presented any evidence that a municipality's police department is a separate legal entity. To the contrary, Mississippi law indicates that the municipality would be the proper party. *See* MISS CODE ANN. § 21-17-1 ("Every municipality of this state shall be a municipal corporation and shall have power to sue and be sued"); MISS CODE ANN. § 21-21-1 (naming chief of police as officer of the municipality with supervision duties over all police officers employed by municipality); *see also Brown v. Thompson*, 927 So.2d 733, 738 (Miss. 2006) (finding that county, not sheriff's department, was proper government entity to name as defendant). Additionally, Plaintiff named the City of Hattiesburg as a party, and has not raised any objection to the dismissal of the Hattiesburg Police Department.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant Hattiesburg Police Department's Motion to Dismiss [Doc. # 4] is **granted**.

IT IS FURTHERMORE ORDERED that all claims against "Hattiesburg Police

Department" be **dismissed with prejudice.** A separate judgment will follow.

SO ORDERED AND ADJUDGED on this, the 17th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE