**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CURTIS STOVALL**                                                                               **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 2:10cv84-KS-MTP**

**THE CITY OF HATTIESBURG, et al.**                              **DEFENDANTS**

<u>**ORDER GRANTING MOTION FOR SANCTIONS AND
MOTION FOR EXTENSION OF TIME TO FILE EXPERT DESIGNATIONS**</u>

This matter is before the Court on a Motion for Sanctions [26] and a Motion for Extension of Time to File Designation of Experts [25], both filed by Plaintiff. Having reviewed the submissions of the parties, the entire record in this case, and the applicable law, the Court finds that each motion is well taken and should be granted.

This cause of action was removed to this Court on April 14, 2010. The complaint advances several theories of recovery against defendants arising from an incident occurring on July 12, 2008. These include liability (official and individual) under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act for the use of excessive force, unlawful search and seizure, assault and battery, and abuse of the legal process. *See* First Amended Complaint [13].

A Case Management Order [18] was entered August 18, 2010. Plaintiff's expert designation deadline was set at January 10, 2011, while Defendants' is February 10. The discovery deadline is April 1, 2011.

Plaintiff propounded discovery to all defendants on September 7, 2010, over four months ago. *See* [19]. When no defendant timely responded, Plaintiff sought in good faith to obtain answers to the discovery without filing a motion to compel. Not only did Defendants fail to respond to the outstanding discovery, they did not even acknowledge Plaintiff's good faith

inquiries connected with this failure.  Plaintiff then filed his Motion to Compel [20].  Defendants did not even bother to respond to the motion.[1]

On November 30, 2010, the Court granted the Motion to Compel Discovery filed by Plaintiff.  The Court ordered Defendants to serve responses to the interrogatories and requests for production for documents propounded to them no later than December 10.  The Court declined to award fees and expenses to Plaintiff "at this time."  *See* [21].

The only event occurring by the Court's December 10 deadline was a notice of service of discovery by Tommy Trahan.  *See* [22] (answers to interrogatories only).  Defendants Greg Holliman and Matt Nunnally belatedly followed suit on December 15 and December 21, respectively (also limited to answers to interrogatories).  *See* [23] [24].  The motion for sanctions [26] was filed January 3.  The day after, Defendant Brandon Jones served notice of answering interrogatories and nothing more.  *See* [27].  According to the docket, no Defendant has responded to Plaintiff's requests for production of documents.[2]

Defendants did at least respond to the instant motions, but those responses at best can be described as perfunctory.  With respect to the motion for sanctions, Defendants use the associated motion for extension of expert designation deadlines to suggest that extending the period for expert designations "should still leave adequate time for the completion of discovery

---

[1] L.U.Civ.R. 7(b)(4) requires a response from the non-movant within fourteen days of service of the motion, unless an extension of time is requested and allowed.

[2] Discovery is still outstanding as to defendants Frazier Bolton and Jr. Burnett, who have not responded to interrogatories and requests for production of documents; as to Holliman, Nunnally, and Jones, who have not responded to requests for production of documents; and as to defendant City of Hattiesburg, which has also not responded to any discovery.  *See generally* [19].  It should be noted that although defendant Frazier Bolton has been dismissed in his individual capacity [14], he remains a defendant in his official capacity.

and for the remainder of the case to remain on schedule." *See* [28].[3]  The only other explanation offered is conclusory:  defense counsel "has been diligently attempting to acquire the requested information and is not willfully disobeying the Court's prior Order."[4]  Given that the Court did not award fees or expenses in its prior order, defense counsel's submission that "no additional sanction or attorneys' fee award should be necessary" is mistaken.

The record establishes the Defendants' failure to cooperate in discovery, their non-compliance with the Court's order [21], and the resulting delay.  The Court was reluctant to impose sanctions as initially requested, and declined to do so in the belief that an opportunity for compliance would suffice.  That hesitation must give way to the conclusion that sanctions are now appropriate.  Indeed, it is unjust to not afford Plaintiff relief for the time and effort, as well as the costs and expenses, caused by Defendants' foot-dragging.

In addition to making good faith efforts to obtain the discovery prior to filing the motion to compel, as outlined in the Court's order [21], Plaintiff also attempted, beyond the deadline established by the Court, to give Defendants an opportunity to provide responses to the discovery requests [26]-1.  His efforts met little success, and the response to the promised motion for sanctions does not offer a substantial justification for not complying with the Court's order.

This Court has broad discretion to exercise its various sanctioning powers.  *Topalian v.*

---

[3]It is not surprising that Defendants "agree that the Plaintiff should be granted additional time [to designate experts] and requests that the Motion be granted." *See* [29].  They fail to appreciate that the deadline extension request results from their failure to timely respond to discovery.

[4]Perhaps so, but counsel for defendants does not explain the failure to respond at all to the Plaintiff's good faith efforts to resolve the matter without the Court's intervention or to respond at all to the Motion to Compel.

3

*Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). *See also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court.") (citation omitted). Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . .fails to obey a scheduling or other pretrial order."

This Court, like most courts, imposes sanctions sparingly and generally only after providing the delinquent party an opportunity to cure the applicable deficiency. Here, that opportunity has been provided and Defendants remain out of compliance without any apparent justification. Accordingly, this Court believes that an imposition of monetary sanctions against Defendants is appropriate. The Court will consider harsher sanctions if they continue to delay the discovery process. Defendants are again referred to Fed. R. Civ. P. 37 for examples of the range of sanctions available to the Court, which may include a default judgment.[5]

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Sanctions [26] is **GRANTED**. Defendants shall, on or before January 21, 2011, serve their answers without objection to all outstanding interrogatories and respond without objection to all outstanding requests for production of documents propounded to them. *See* n.2 *supra*. In order to avoid any misunderstanding, the responses to the requests for production of documents shall include the production of all documents contemplated thereby. Failure in any way to do so may result in sanctions beyond those imposed by this order.

No later than January 21, 2011, Plaintiff's counsel shall submit an itemized statement of

---

[5]It is the Court's hope that the Defendants' troubling pattern of dilatory conduct does not continue.

fees and expenses incurred in association with filing the Motion to Compel [20], the Motion for Sanctions [26], and the Motion for Extension of Time to File Designation of Experts [25]. Should Defendants have any objections to said itemized statement, they must be filed no later than January 28, 2011.  The Court will then determine an appropriate amount to be paid by Defendants once this statement and any objections are submitted.

Plaintiff's Motion for Extension of Time to File Designation of Experts [25] is **GRANTED**, and the Case Management Order [18] is amended as follows: Plaintiff's experts shall be designated by February 10, 2011.  Defendant's experts shall be designated by February 24, 2011.  All other provisions of the Case Management Order remain in full force and effect.

**SO ORDERED** this the 14th day of January, 2011.

s/ Michael T. Parker  
United States Magistrate Judge
